SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**State v. John C. Blann** (A-75-12) (072146)

**[NOTE: This Court wrote no full opinion in this case. Rather, the Court's reversal of the judgment of the Appellate Division is based substantially on the reasons expressed in the dissenting opinion below.]**

Argued April 9, 2014 -- Decided May 28, 2014

PER CURIAM

The issue in this appeal is whether the trial record contains sufficient evidence to support the conclusion that defendant's waiver of his right to trial by jury was knowing and voluntary under the totality of the circumstances.

Walter Mitchell, a thirty-year resident of Atlantic City, was in his car on his way for coffee at about 7:00 a.m. on August 6, 2010. While stopped at a red light, defendant approached Mitchell's car, demanding money. Although Mitchell had his windows closed, his sunroof was open, and he could clearly hear defendant ranting at him from the sidewalk along the passenger side of his car. Mitchell initially determined to ignore defendant, who became more agitated and started off the sidewalk toward Mitchell's car while screaming profanities at Mitchell and still demanding money. When the light did not change, Mitchell finally yelled back at defendant, using equally profane language, that he did not have any money and that defendant should go bother someone else. Defendant, who had walked back to the sidewalk, again started toward Mitchell's car. This time, however, as he did so, defendant put his hand under his shirt as if reaching for something in his waistband, and screamed at Mitchell that he would "blow him away" if Mitchell did not give him money. Mitchell, afraid that defendant had a gun and intended to use it, accelerated through the red light and fled. He flagged down a police car and excitedly told the officers that he had just been approached by a man yelling and screaming, and that the man had a gun. The officers had Mitchell go with them in their patrol car to where the incident had happened. When the officers neared the scene, Mitchell identified defendant and he was arrested. The officers searched the area, but they found no gun.

Following a bench trial, defendant was convicted of two counts of first-degree robbery and one count of second-degree robbery and sentenced to eighteen years, subject to a mandatory eighty-five percent period of parole ineligibility. On appeal, defendant raised three arguments: first, that his waiver of a jury trial was not voluntary and knowing; second, that the State had failed to prove that he possessed a gun or that he did anything that would lead Mitchell to reasonably believe that he possessed one; and third, that the court imposed an excessive sentence. The Appellate Division found no error in the trial court's assessment of the proofs or in the court's imposition of sentence. On the issue of waiver, however, a majority of the appellate panel reversed. After setting forth the colloquy in which the trial judge questioned defendant on the matter of waiver, once at the pre-trial conference and the second time on the first day of trial, the majority concluded that it could not assess whether the waiver was knowing and voluntary absent a signed jury waiver in accordance with Rule 1:8-1(a) and, moreover, that the trial judge's questioning was insufficient to establish that defendant wanted to proceed without a jury. The majority concluded that defendant had not expressly waived his right to a jury trial, but had merely "acquiesced."

In a dissenting opinion, the Honorable Joseph F. Lisa, J.A.D. (retired and temporarily assigned on recall) agreed with the majority that the trial court properly assessed the evidence and that the sentence imposed was an appropriate exercise of its discretion. Judge Lisa further agreed that the trial judge's handling of the jury waiver was "inadequate." Judge Lisa, however, concluded that defendant, represented by counsel, "personally and affirmatively" waived his right to trial by jury in open court on two separate occasions, notwithstanding the trial court's failure to specifically find on the record that the waiver was knowing and voluntary under the totality of the circumstances. In addition, Judge Lisa concluded that the absence of a written waiver pursuant to Rule 1:8-1(a) did not preclude a bench trial, particularly since the jury waiver request form that defendant would have signed, the official form for Atlantic County, says nothing more than what he acknowledged in open court. Having said that,

1

Judge Lisa would require that trial judges engage a defendant requesting a jury waiver in a more expansive colloquy than occurred in this case and, in addition, he would recommend that the Criminal Practice Committee adopt an official statewide waiver request form. Therefore, under the totality of the circumstances in this case, Judge Lisa would affirm the trial court's decision to try the case without a jury, but would do so without prejudice to defendant's right to further pursue his claim in a post-conviction relief (PCR) proceeding.

Based on Judge Lisa's dissenting opinion, the State appealed as of right on the issue of waiver.

**HELD**: The judgment of the Appellate Division is reversed substantially for the reasons expressed in Judge Joseph F. Lisa's dissenting opinion.

1. A signed written jury waiver form should include that a defendant has been advised that (1) a jury is composed of 12 members of the community, (2) a defendant may participate in the selection of jurors, (3) all 12 jurors must unanimously vote to convict in order for a conviction to be obtained, and (4) if a defendant waives a jury trial, a judge alone will decide his or her guilt or innocence. The Court relies on its supervisory powers under Article VI, Section 2, Paragraph 3 of the State Constitution to require (1) that an official jury waiver form containing these four items be prepared for use in connection with Rule 1:8-1(a), and (2) that trial judges engage in a colloquy with defendants that includes these four items, at a minimum, to assess the voluntariness of a waiver request.

The judgment of the Appellate Division is **REVERSED** and defendant's conviction is **REINSTATED**. Defendant can pursue his jury waiver argument in a proceeding for post-conviction relief.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA; and JUDGES RODRÍGUEZ and CUFF (both temporarily assigned) join in this opinion.**

STATE OF NEW JERSEY,

 Plaintiff-Appellant,

  v.

JOHN C. BLANN, a/k/a JOHN C.
BLAND,

 Defendant-Respondent.


  Argued April 9, 2014 – Decided May 28, 2014

  On appeal from the Superior Court, Appellate
  Division, whose opinion is reported at 429
  N.J. Super. 220 (2013).

  Deborah A. Hay, Special Deputy Attorney
  General, argued the cause for appellant
  (James P. McClain, Acting Atlantic County
  Prosecutor, attorney).

  Laura B. Lasota, Assistant Deputy Public
  Defender, argued the cause for respondent
  (Joseph E. Krakora, Public Defender,
  attorney).


 PER CURIAM

 The judgment of the Appellate Division is reversed

substantially for the reasons expressed in Judge Lisa's opinion.

State v. Blann, 429 N.J. Super. 220, 235 (App. Div. 2013) (Lisa,

J.A.D., retired and temporarily assigned on recall, dissenting).

 Judge Lisa reviewed the current case law and practice

relating to requests by defendants to waive the right to a jury

trial.  Id. at 240-44.  He thoughtfully observed that judges

should engage in a more probing "colloquy with defendants to

further be assured that, before granting a waiver, a defendant

possesses a deeper understanding of the choice he or she has."

Id. at 246.  To that end, Judge Lisa outlined four points that

should be included in a signed written waiver form and probed

during the court's colloquy, namely, that defendant

> has . . . been advised that (1) a jury is
> composed of 12 members of the community, (2)
> a defendant may participate in the selection
> of jurors, (3) all 12 jurors must
> unanimously vote to convict in order for a
> conviction to be obtained, and (4) if a
> defendant waives a jury trial, a judge alone
> will decide his/her guilt or innocence.
>
> [Id. at 250.]

We rely on our supervisory powers under Article VI, Section

2, Paragraph 3 of the State Constitution to require (1) that an

official jury waiver form containing the above four items be

prepared for use in connection with Rule 1:8-1(a), and (2) that

trial judges engage in a colloquy with defendants that includes

those four items, at a minimum, to assess the voluntariness of a

waiver request.  See State v. Henderson, 208 N.J. 208, 254-55,

270-71 (2011) (relying on supervisory powers to require full

record of identification procedures); State v. Delgado, 188 N.J.

48, 63 (2006) (same).  We ask the Director of the Administrative

2

Office of the Courts to help implement the above approach within thirty days.

We reverse the judgment of the Appellate Division and reinstate defendant's conviction. Defendant can pursue his jury waiver argument in a proceeding for post-conviction relief.

CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA; and JUDGES RODRÍGUEZ and CUFF (both temporarily assigned) join in this opinion.

SUPREME COURT OF NEW JERSEY

NO.   A-75            SEPTEMBER TERM 2012

ON APPEAL FROM      Appellate Division, Superior Court

STATE OF NEW JERSEY,
        Plaintiff-Appellant,

                v.

JOHN C. BLANN, a/k/a JOHN C.
BLAND,

        Defendant-Respondent.

DECIDED        May 28, 2014
               Chief Justice Rabner               PRESIDING

OPINION BY       Per Curiam

CONCURRING/DISSENTING OPINION BY

DISSENTING OPINION BY

| CHECKLIST | REVERSE/ REINSTATE | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUDGE RODRÍGUEZ (t/a) | X | |
| JUDGE CUFF (t/a) | X | |
| | 7 | |

1